IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THERESA EVERSOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 04-912-WDS |
| ) | |
| CASEY'S GENERAL STORES, INC., ) | |
| and MAY MOORE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for reconsideration, or in the alternative for interlocutory appeal, of the Court's March 16, 2005 Order denying plaintiff's motion to remand. Defendants have filed a response.

Plaintiff argues that defendants have not proven that the amount in controversy exceeds $75,000, and that defendant May Moore was not a citizen of Missouri at the time that suit was filed on October 25, 2004, and therefore diversity of citizenship did not exist.

Initially, the Court notes that with respect to the amount in controversy, plaintiff admitted, in response to defendants' requests for admission, that the damages against each defendant arising out of plaintiff's employment with defendant Casey's exceeds $75,000, and that plaintiff in fact seeks in excess of $75,000 against each defendant. (See, Doc. 26, Exs. G, H). Accordingly, the amount in controversy requirement has been met.

With respect to May Moore's citizenship, the Court previously held that the complete diversity requirement was met. The Court based its finding primarily on the affidavit of May Moore, which states in relevant part:

> On October 25, 2004, I was not a resident of Illinois. At the beginning of October, 2004, I began to move my possessions and personal property from Illinois to Missouri, where it was my intent to stay. I fully completed the removal of all my possessions and personal property from Illinois to Missouri on or about October 25, 2004.

(See, Doc. 26, Ex. D). In addition, in October 2004, Moore submitted to the U.S. Postal Service a change of address from her Illinois address to her new address in Missouri, and she bought and registered a car in Missouri. (See, *id.*).

Plaintiff now claims that, based upon the deposition testimony of May Moore taken September 14, 2005, it is clear that at the time the lawsuit was filed, Moore was a citizen of Illinois, and not Missouri. Specifically, Moore testified that she owned an apartment complex in Illinois in which she resided, and that she completed the sale of that complex on October 25, 2004; plaintiff claims that this proves that she was a resident of Illinois on October 25, 2004. In addition, plaintiff contends that circumstantial evidence proves that Moore intended to stay in Illinois. For instance, her daughter, and not Moore, owned the mobile home where Moore lived in Missouri, and that mobile home was sold only four months after this suit was filed. Plaintiff also points out that Moore returned to Illinois in March 2005, and took a job in Illinois in April 2005.

Despite plaintiff's second attempt to remand this case, the Court remains unconvinced that Moore was a citizen of Illinois at the relevant time. As noted, she closed on the sale of her apartment complex on October 25, 2004, and moved her remaining belongings to Missouri where she resided with her daughter in the mobile home. Further, she intended to put the mobile home in her own name, although that transaction was never completed. (See, Doc. 46, Ex. A at p. 15). Plaintiff's argument that Moore's return to Illinois is evidence that she never intended to

stay in Missouri is unpersuasive, in light of Moore's affidavit declaring that at the time the lawsuit was filed, she did intend to remain in Missouri.  Moreover, the fact that she eventually returned to Illinois at some point in 2005 is irrelevant for purposes of determining diversity jurisdiction; it is the circumstances that existed at the time of  removal (here, December 10, 2004) that determine jurisdiction.  *Gould v. Artisoft, Inc*., 1 F.3d 544, 547 (7th Cir. 1993) ("We look to the facts that existed at the time of removal to determine our jurisdiction, for a plaintiff may not manipulate the process to defeat federal jurisdiction and force a remand once the case has been properly removed.")(cites omitted); see also, *Chapman v. Currie Motors, Inc*., 65 F.3d 78, 81 (7th Cir. 1995) ("[I]f the parties were of diverse citizenship when the case was filed, the fact that a subsequent change of residence by one or both of them makes them citizens of the same state ... does not affect the district court's jurisdiction.") (cite omitted). Here, the evidence in the record supports the Court's finding that at the time of removal, Moore was a resident of Missouri, with an intent to remain in the State of Missouri.

Based on the foregoing, plaintiff's motion for reconsideration is **DENIED**.  Further, plaintiff has not persuaded the Court that exceptional circumstances exist that warrant an interlocutory appeal, accordingly,  plaintiff's motion for interlocutory appeal is **DENIED**.[1]

    **IT IS SO ORDERED.**

    **DATED:    December 5, 2005.**

---

[1] When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  28 U.S.C. § 1292(b). "Generally speaking, leave to appeal an interlocutory order will not be granted absent exceptional circumstances." *In re Nat'l Steel Corp.*, 2005 WL 2171169, at *3 (N.D. Ill. Aug. 31, 2005) (internal cites omitted).

s/ WILLIAM D. STIEHL
　　DISTRICT JUDGE